UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH RAYMOND FORGA, | CASE NO. C18-5079 BHS |
| Petitioner, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| RONALD HAYNES, | |
| Respondent. | |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, United States Magistrate Judge (Dkt. #15), and Petitioner Kenneth Raymond Forga's ("Forga") objections to the R&R (Dkt. 16).

On July 2, 2018, Judge Fricke issued the R&R recommending that the Court deny Forga's petition on the merits. Dkt. 15. On July 24, 2018, Forga filed objections arguing that the state court's adjudication was based on an erroneous determination of the facts and that the R&R failed to address this issue. Dkt. 16.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Forga asserts a potentially meritorious objection on an immaterial issue. It is true that the Washington Court of Appeals may have misconstrued the record in denying Forga's ineffective assistance of counsel claim on the merits. That court seemed to find that the officer who searched Forga's residence engaged in one continuous conversation on Forga's phone. Dkt. 11, Exh. 11. The trial record, however, establishes that the officer answered the phone, talked with the caller, and ended the phone call. Dkt. 11, Exh. 16 at 247. The officer then called the individual back to confirm that the person was coming by Forga's residence to complete a drug transaction. *Id*. Forga argues that his counsel was ineffective for failing to object or move to suppress the evidence of the second phone call and subsequent arrest of the caller who arrived at Forga's residence to purchase drugs. Dkt. 16. The Court agrees with the Washington Supreme Court that these facts present an interesting question "whether a warrant that authorizes an officer to examine the contents of a phone allows the officer to use the seized phone as a means of communicating incognito with suspected drug traffickers." Exh. 15 at 3. The answer to this question would then be used to determine whether Forga's counsel was ineffective under the first prong of *Strickland v. Washington*, 466 U.S. 668 (1984). Similar to the Washington Supreme Court, the Court will not address either of these questions because the material question is whether Forga has established "that, but for counsel's unprofessional errors, the result would have been different." *Id*. at 694.

| 1 | On the issue of prejudice, the Court agrees with Judge Fricke that the Washington
| 2 | Supreme Court's conclusion was neither unreasonable nor contrary to law. Dkt. 15 at 9–
| 3 | 12. At Forga's trial, the state presented overwhelming evidence of guilt through
| 4 | controlled buys, drugs and drug paraphernalia at Forga's residence, and ledgers with
| 5 | names, prices, and quantities of drugs at Forga's residence. Dkt. 11, Exh. 15 at 3. In
| 6 | light of this evidence, the Washington Supreme Court concluded that Forga failed to
| 7 | establish that the result of his trial would have been different if his counsel had
| 8 | successfully suppressed the phone call and third-party arrest evidence. On federal
| 9 | habeas, Forga has failed to establish that this conclusion was unreasonable or contrary to
| 10 | law. 28 U.S.C. § 2254(d).yeah, Therefore, the Court having considered the R&R,
| 11 | Forga's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Forga's petition is **DENIED** on the merits;

(3) Forga is not entitled to a Certificate of Appealability; and

(4) The Clerk shall enter a JUDGMENT and close the case.

Dated this 24th day of September, 2018.

BENJAMIN H. SETTLE
United States District Judge